[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2006
THOMAS K. KAHN
CLERK

No. 05-13860
Non-Argument Calendar

_____

D. C. Docket No. 04-00477-CR-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

XAVIER D. TAYLOR,
a.k.a. Xavier Demon Johnson,
a.k.a. Andrew Taylor,
a.k.a. Roy Sinclair Neal, Jr.,
a.k.a. Jonathan Browner,
a.k.a. Sinclair Daniels,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 14, 2006)**

Before ANDERSON, MARCUS,  and WILSON, Circuit Judges.

PER CURIAM:

Xavier Taylor appeals his 210-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e). On appeal, Taylor argues that, because the district court did not properly consider his probable innocence, his sentence above the 180-month mandatory minimum was unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005).

After Booker, we review sentences under the advisory guideline regime for "unreasonable[ness]." Id. at 261, 125 S.Ct. at 765. Following the Booker decision, we have stated that the district court first must correctly calculate the defendant's guidelines range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).

The relevant § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed [treatment];

2

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range. . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 260-61, 125 S.Ct. at 765-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor. As we have held, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory guideline range is not per se reasonable, but is expected to be reasonable. See id. ("when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). We have held that a district court's statement that it considered the defendant's arguments and the § 3553(a) factors is sufficient in post-Booker sentences. Scott, 426 F.3d at 1329-30.

3

In the instant case, the district court accurately determined that Taylor's guidelines range was 210 to 262 months imprisonment. The district court then sentenced Taylor to 210 months, the low end of that range. Taylor argues that the district court failed to consider evidence that Taylor was innocent when sentencing him. Taylor asserts that the district court should have sentenced him to the 180-month mandatory minimum because of residual doubt about his guilt. Taylor introduced some evidence that the firearm in question belonged to another man, Yusuf Armstead, although the evidence was not subject to cross-examination. The district court noted that Taylor had made this argument to the jury at trial and they had rejected it. Although Taylor had suggested the possibility of new evidence, the district court obviously did not find it sufficiently persuasive to depart from the jury's finding. The judge stated that "one of the things I have got to do is honor the findings of the jury." The district court then stated that it would not depart downward from the guidelines range because of Taylor's "substantial" criminal history.

In this case, the district court explicitly stated that it took the § 3553(a) factors into account, and would not depart from the guidelines range because of Taylor's criminal history. Nothing in the record suggests that the district court did not take into consideration Taylor's argument of possible innocence. However, the

4

district court declined to depart downward because of Taylor's criminal history.

Because (1) the district court does not have to explain its consideration of every § 3553(a) factor, and (2) because the court specifically cited Taylor's extensive criminal history as the reason for sentencing within the guidelines range, Taylor's sentence was not unreasonable.  Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Taylor's request for oral argument is DENIED.